**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Robert J Morgan,                              No. CV-25-08217-PCT-KML

10                  Plaintiff,                      **ORDER**

11   v.

12   Sprouts Farmers Market,

13                  Defendant.

14

15          Plaintiff Robert J. Morgan mailed numerous documents to the court, including 45

16   pages that were docketed as a complaint, an application to proceed in forma pauperis, and

17   a motion to allow electronic filing. (Docs. 1, 2, 3.) Morgan's application to proceed in

18   forma pauperis is granted but to the extent Morgan's 45-page document was intended as a

19   complaint, it is dismissed with leave to amend. 28 U.S.C. § 1915(e)(2).

20          The first page of what was docketed as a complaint is captioned "In the Flagstaff

21   Civil Justice Court, County of Coconino, State of Arizona." (Doc. 1 at 1.) That page

22   references Morgan's "ongoing civil case against Sprouts Farmers Market" and requests all

23   documents "be attached to the existing case file." (Doc. 1 at 1.) Morgan has no other

24   pending case in this court. Referring to a different court in the caption and referencing a

25   "pending case" that does not exist in this court indicates Morgan may not have intended to

26   initiate suit in this court. But assuming Morgan intended to do so, his submissions do not

27   qualify as a complaint sufficient for the case to proceed.

28          The first page of the 45-page filing identifies the "Legal Authority and Supporting

1     Statutes" Morgan believes are relevant. (Doc. 1 at 1.) But that page does not include any

2     factual allegations explaining why those statutes might apply. Other portions of the 45-

3     page filing do not provide additional guidance. The filing includes Morgan's arguments

4     against the enforceability of an arbitration agreement (Doc. 1 at 7-9), information regarding

5     pay Morgan received from Sprouts (Doc. 1 at 16-18), and a lengthy document apparently

6     produced by ChatGPT (Doc. 1 at 21-34).

7          Self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

8     520-21 (1972), but conclusory and vague allegations are not enough to state a claim for

9     relief. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). And when liberally

10    construing a pleading, the court "may not supply essential elements of the claim that were

11    not initially pled." *Id.* Here, Morgan has provided no factual allegations explaining why he

12    is suing Sprouts. Without facts explaining what happened, Morgan cannot pursue this

13    lawsuit.

14         Morgan is given 30 days to file a first amended complaint. If Morgan elects to file

15    an amended complaint, he must write short, plain statements explaining what happened

16    and why he is suing Sprouts. The court maintains a webpage for self-represented litigants

17    at https://www.azd.uscourts.gov/proceeding-without-attorney-0. That page includes links

18    to "Forms for Self-Represented Litigants." One of the forms is for employment

19    discrimination. If Morgan is attempting to sue Sprouts for employment discrimination, he

20    should          use          the          form          available          at

21    https://www.uscourts.gov/sites/default/files/complaint_for_employment_discrimination.p

22    df. If Morgan is attempting to sue Sprouts for something other than employment

23    discrimination, he should use the form most appropriate to his situation.

24         Finally, Morgan is cautioned against using artificial intelligence to prepare his

25    filings. The lengthy document generated by ChatGPT that Morgan submitted appears to

26    provide legal analysis of possible claims. But upon a cursory review of that document, it is

27    not remotely accurate and it proposes many claims and theories that do not apply. In

28    preparing his amended complaint, Morgan shall not use ChatGPT or any other similar form

1  of artificial intelligence. Morgan must personally draft his complaint in plain language.

2      **IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

3      **IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH**

4  **LEAVE TO AMEND**. No later than **October 31, 2025**, plaintiff shall file an amended

5  complaint. The Clerk of Court is directed to enter a judgment of dismissal without prejudice

6  if no amended complaint is filed by that date.

7      **IT IS FURTHER ORDERED** the Motion to Allow Electronic Filing (Doc. 3) is

8  **GRANTED**. Plaintiff shall comply with all rules outlined in the District of Arizona's Case

9  Management/Electronic Case Filing Administrative Policies and Procedures Manual,

10  maintain access to the required equipment and software, maintain a personal electronic

11  mailbox of sufficient capacity to send and receive electronic notice of case related

12  transmissions, be able to electronically transmit documents to the court in .pdf format,

13  register as a subscriber to PACER (Public Access to Electronic Records) within five days

14  of the date of this order and comply with the privacy policy of the Judicial Conference of

15  the United States and E-Government Act of 2002. Any misuse of the ECF system will

16  result in immediate discontinuation of this privilege and disabling of the password assigned

17  to the party.

18      Dated this 20th day of October, 2025.

19

20

21

22  Honorable Krissa M. Lanham
    United States District Judge

23

24

25

26

27

28