**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J Morgan, | No. CV-25-08217-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Sprouts Farmers Market, | |
| Defendant. | |

The court dismissed plaintiff Robert J. Morgan's original complaint because he had "provided no factual allegations explaining why he is suing Sprouts." (Doc. 6 at 2.) Morgan filed an amended complaint that provides additional information regarding his employment with Sprouts. (Doc. 7.) But the amended complaint does not provide sufficient factual allegations supporting a plausible claim for relief. The amended complaint is dismissed, and Morgan is given a final opportunity to amend. 28 U.S.C. § 1915(e)(1).

In the amended complaint, Morgan alleges he began working for Sprouts in June 2024. Morgan was initially praised as an excellent employee but in "October-December 2024" his "hours started getting chopped for no honest reason." (Doc. 7 at 1.) At that same time, unidentified "people" started "touching [his employee] file behind [his] back." (Doc. 7 at 1.) In February and March 2025, "'corrective actions' suddenly appeared," apparently in Morgan's employee file. (Doc. 7 at 1.) Around that same time Morgan received a "write-up claiming [he] 'never came back from a break," which he alleges was incorrect. (Doc. 7 at 1.)

On March 12, 2025, Morgan texted a human resources representative stating he had "raised civil-rights concerns and was being retaliated against." (Doc. 7 at 2.) Morgan does not allege what "civil-rights concerns" he is referencing, when he raised these concerns, or the individual he spoke with regarding these concerns. On April 10, 2025, Sprouts's attorney told Morgan he had been placed on unpaid leave and Morgan was "not to contact any Sprouts employee or go to any store" until the attorney said otherwise. (Doc. 7 at 2.) On April 22, 2025, Morgan received an email terminating his employment and offering "two labels: 'job abandonment' or 'resignation.'" (Doc. 7 at 2.) Morgan sent a rebuttal, but Sprouts did not change its position and Morgan's employment ended. Sprouts has since indicated "job abandonment" or "resignation" as (or left blank) the reason for Morgan's departure and that has prevented Morgan from obtaining other employment. (Doc. 7 at 3.) Morgan seeks $110 million for "back pay, front pay, compensatory, and punitive [damages]." (Doc. 7 at 5.)

It appears Morgan is attempting to allege employment-based discrimination claims, but he does not provide any factual allegations indicating he was treated differently because of a protected characteristic such as race or sex. *See Maner v. Dignity Health*, 9 F.4th 1114, 1120 (9th Cir. 2021) ("Title VII prohibits discrimination against an individual in whole or in part because of that individual's protected characteristic.") (simplified). Employment discrimination laws do not establish "a general civility code, and employment practices are not unlawful simply because they are unwise." *Id.* at 1127 (simplified). In other words, if Morgan experienced unfair treatment, but it was not based on a protected characteristic, he cannot state plausible federal discrimination claims.

The amended complaint does not identify Morgan's protected characteristic, what adverse actions Morgan believes were taken against him because of that characteristic, or why Morgan believes those actions were because of his characteristic. Without these basic allegations, Morgan has not stated a plausible discrimination claim.

Morgan's amended complaint references "retaliation" because of "civil-rights concerns." A plausible retaliation claim must be based on allegations identifying the

specific "unlawful employment practice" Morgan believed existed and complained about, the adverse action Morgan suffered, and why he believes the adverse action was because of his complaints. *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012-13 (9th Cir. 1983). With no meaningful facts supporting Morgan's retaliation claim, it is dismissed.

Morgan's amended complaint is dismissed for failure to state a claim. Morgan is given a final opportunity to file an amended complaint. If Morgan is attempting to allege a discrimination claim, he must identify his protected characteristic and why he believes he was treated differently because of that characteristic. If Morgan is attempting to allege a retaliation claim, he must identify the protected activity he engaged in and why he believes later events occurred because of that protected activity.

**IT IS ORDERED** the Amended Complaint (Doc. 7) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** no later than **November 13, 2025**, plaintiff shall file an amended complaint. The Clerk of Court is directed to enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

Dated this 31st day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge